IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| DAVID LEE WATTS,[1] | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:25cv168 |
| | § | |
| ERIC GUERERRO, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
| Respondent.[2] | § | |

## RESPONDENT'S ANSWER WITH BRIEF IN SUPPORT

Petitioner David Lee Watts challenges a fifty-year sentence for Continual Sexual Abuse of a Child through a petition for writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254. This petition should be dismissed because it is time-barred by the AEDPA[3] limitations period.

## JURISDICTION

Watts seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254, which provides the Court with jurisdiction over the subject matter and the parties.

---

[1] Watts also sometimes appears as "David Lee Watts, Jr." in some of the state records.
[2] Respondent will be referred to hereinafter as "the Director."
[3] "AEDPA" refers to the Antiterrorism and Effective Death Penalty Act of 1996.

## PETITIONER'S ALLEGATIONS

The Director understands Watts to allege that:

1. He received ineffective assistance of trial counsel because his attorney failed to claim a violation of the Speedy Trial Act prior to his conviction and fraudulently induced him to sign a guilty plea document.

2. A prosecution of him would be a double jeopardy violation since he already signed a "guilty plea document."

ECF No. 1 at 5–8; ECF No. 2, generally.

## GENERAL DENIAL

The Director denies all of Petitioner's assertions of fact except those supported by the record or specifically admitted herein. In addition, the Director opposes any future, substantive motions filed by Petitioner—including, without limitation, a motion to amend and/or supplement his petition, and a motion for an evidentiary hearing—and will respond to any such motions only upon order of the Court.

## STATEMENT OF THE CASE

The Director has lawful custody of Watts pursuant to a judgment and sentence of the 217th District Court of Angelina County, Texas, in case number 2021-0015, styled *The State of Texas v. David Lee Watts*. SHCR[4] at 10–12

---

[4] "SHCR" refers to the Clerk's Record of pleadings and documents filed with the court during Petitioner's state habeas corpus proceedings. *See generally, Ex parte Watts*,

2

(judgment and sentence for Continuous Sexual Abuse of Child Under 14). In that case, on June 7, 2023, Watts pleaded "not guilty"[5] but was sentenced to a fifty-year term of confinement in a bench trial. *Id*.

Watts did not appeal his conviction. ECF No. 1 at 2–3.[6] But, Watts filed a state application for habeas corpus relief on June 10, 2024,[7] which the Texas Court of Criminal Appeals (CCA) denied without written order on March 12, 2025. SHCR (Action Taken notice). Watts then filed the instant petition on May 29, 2025. ECF No. 1 at 15.[8]

## RECORDS

Copies of Petitioner's state records will be sent to the Court concurrently with this pleading. A copy of the records will not be forwarded to Petitioner.

---

Application No. 96,015-02. This citation will refer to the "Writ Received" packet unless otherwise designated.

[5] The judgment (and Watts's own petition – *see* ECF No. 1 at 1) indicates that Watts pleaded "guilty," but the trial docket sheet, the trial court's certification of Watts's right to appeal, and Watts's own statements make it clear that Watts pleaded "not guilty" and was tried by the judge in a bench trial. SHCR at 4–7, 13, 15, 23.

[6] An independent inquiry by the Director also revealed no record of a direct appeal.

[7] Watts repeatedly dates his state habeas application on June 10, *2023*, but the state court file stamped his petition on June 17, *2024*, and Watts states that he signed his federal petition on June 10, *2024*. *Compare* SHCR at 29–32 *with* SHCR at 14; ECF No. 1 at 3, 13.

[8] The prison mailbox rule treats state habeas application or federal habeas petition as "filed" on the day it is placed in the prison mail, so, for the purposes of this petition, the Director presumes that the Petitioner "filed" his pleadings no earlier than the day he signed them. *See Richards v. Thaler*, 710 F.3d 573 (5th Cir. 2013) (applying the prison mailbox rule to state habeas applications); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (applying the prison mailbox rule to federal habeas applications).

*See Sixta v. Thaler*, 615 F.3d 569, 570 (5th Cir. 2010). Additionally, the Director objects to any existing or future motions for copies of records at the government's expense.

## ANSWER

Watts's petition should be dismissed with prejudice because it has been filed outside AEDPA's one-year statute of limitations. AEDPA provides a one-year period for filing federal habeas corpus petitions by persons in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1). Section (d)(1) provides four possible dates which start the running of the one-year limitations period, and the limitations period runs from the latest of the four dates. 28 U.S.C. § 2244(d)(1)(A)−(D). In pertinent part, the AEDPA provides that:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Since Watts's claims relate to his conviction and could have been discovered before his conviction was final, the statute of limitations ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. Watts's judgment became final when his time his time for filing a direct appeal expired, on July 7, 2023. *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("the conviction becomes final when the time for seeking further direct review in the state court expires"); Tex. R. App. Proc. 26.1 (allowing 30 days to file a notice of appeal). Therefore, without accounting for any tolling, his limitations period would have expired one year later, on July 7, 2024.

But, this Court must account for statutory tolling under AEDPA. The relevant statutory text states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any

5

period of limitation under this section." 28 U.S.C. § 2244(d)(2). Here, Watts filed his relevant state habeas application no earlier than June 10, 2024, and it was denied on March 12, 2025, so it pended for up to 276 days. *See* footnote no. 7 *supra*; SHCR (Action Taken notice). After accounting for this statutory tolling, Watts's limitations period expired on April 9, 2025.

Furthermore, Watts is not entitled to equitable tolling. The Director is not aware of any rare and exceptional circumstances in this case. The Fifth Circuit has explained,

> "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson,* 158 F.3d 806, 810 (5th Cir.1998). Equitable tolling will be granted in "rare and exceptional circumstances," *id.* at 811, and will not be granted if the applicant failed to diligently pursue his rights, *United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000). "Equitable tolling applies principally when the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir.1999).

*Larry v. Dretke*, 361 F.3d 890, 896−97 (5th Cir. 2004). Here, Watts does not allege any exceptional circumstances. ECF No. 1 at 13–14. He complains that the state habeas court improperly delayed the resolution of his state habeas application, but that delay has been credited to the limitations period through the statutory tolling provision of AEDPA as explained above. *Id.* Further, his

6

inexperience and *pro se* status are not exceptional circumstances. *See, e.g., Fisher v. Johnson,* 174 F.3d at 714. No further tolling applies here.

Since Watts filed the present petition on May 29, 2025, and his limitations period expired by April 9, 2025, his petition is untimely by fifty days. Therefore, the Director urges the Court to dismiss this petition with prejudice because it is barred by the AEDPA statute of limitations.

## CONCLUSION

The Director respectfully requests the Court dismiss Watts's petition with prejudice and deny a certificate of appealability.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
for Criminal Justice

TOMEE HEINING
Chief, Criminal Appeals Division

*Lead Counsel

/s/ Nathan Tadema
NATHAN TADEMA*
Assistant Attorney General
State Bar No. 24044285

P. O. Box 12548, Capitol Station

>Austin, Texas   78711
>Telephone: (512) 936-1400
>Facsimile: (512) 936-1280
>Email: nathan.tadema@oag.texas.gov

>ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing pleading was served by placing same in the United States mail, postage prepaid, on this the 30th day of July, 2025, addressed to:

David Lee Watts
TDCJ No. 2452212
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

>/s/ Nathan Tadema
>NATHAN TADEMA
>Assistant Attorney General